Mitchell v. Rice.

---

## Charles Mitchell, Impleaded with N. S. Travelstead and Lewis Mifflin, v. Elvira Rice, Adm'x.

1. STATUTES—*No Recovery upon Instruments in Writing Entered into Without a Good and Valuable Consideration.*—Sec. 13, Ch. 98, R. S., provides that in any action upon a note, bond or other instrument in writing, for the payment of money, if such instrument was made and entered into without a good and valuable consideration, the verdict shall be for the defendant.

2. MORTGAGES—*Error to Decree Foreclosure of Mortgage Executed in Fraud of Creditors.*—It is error to decree foreclosure of a mortgage which was executed in fraud of creditors, where no consideration passed from the mortgagee.  Such transaction is tainted with fraud, and as between the parties to it, a court of equity will leave them in the position in which they have placed themselves.

Bill to Foreclose a Mortgage.—Appeal from the Circuit Court of Saline County; the Hon. ALONZO K. VICKERS, Judge presiding.  Heard in this court at the August term, 1902.  Reversed.  Opinion filed March 2, 1903.

CHOISSER, WHITLEY & CHOISSER, attorneys for appellant.

W. F. SCOTT, attorney for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill to foreclose a mortgage, in the Circuit Court of Saline County.  Upon final hearing the trial court rendered a decree in favor of appellee, against appellant for $462.43.  From this decree appellant prosecutes his appeal to this court.

Appellant admits the execution and delivery of the note and mortgage, and further answers as follows :

" This defendant further answering, denies that at the

time he signed the said note and at the time he signed and acknowledged said mortgage, that he was indebted to the said B. F. Rice, now deceased, in any sum whatever, and alleges the fact to be that said mortgage was executed by him, the said defendant, to secure said note which he had executed to said B. F. Rice, now deceased, without any good and valuable consideration, and that the same mortgage and note were executed by him, not to secure any debt due and owing from him to said B. F. Rice, now deceased, but were executed wholly and solely for the purpose of securing his (the defendant's) property from his creditors until he could get means to settle with them; all of which facts the said B. F. Rice, now deceased, then well knew. And this defendant further answering, denies that the complainant is entitled to the relief or any part thereof in said bill of complaint demanded, and prays the same advantage of this answer as if he had pleaded or demurred to said bill, and prays to be dismissed with his reasonable costs, etc."

No right of an innocent third party is in any way involved in this case. The answer sets up a valid defense. The statute provides that " in any action upon a note, bond or other instrument in writing, for the payment of money, * * * if such instrument was made and entered into without a good and valuable consideration, * * * the verdict shall be for the defendant. " And our Supreme Court has frequently held that it is error to decree foreclosure of a mortgage which was executed in fraud of creditors, where no consideration passed from the mortgagee. Such transaction is tainted with fraud, and as between the parties to it, a court of equity will leave them in the position in which they have placed themselves.

The issue here is one of fact. If the evidence proves the material averments of the answer, then the answer must prevail.

The mortgagee is dead and the mortgagor is thereby disqualified from testifying; and so we are deprived of the benefit of the testimony of the parties to the transaction. This, however, does not relieve us from the duty of determining the issues of fact raised. The execution and delivery of the note and mortgage warrant the presumption

that the consideration was ample and the transaction *bona fide*, and the introduction of them in evidence made a *prima facie* case in favor of appellee. The question then is, does the evidence, as a whole, overthrow appellee's *prima facie* case? We are of opinion that it does. After reading and reflecting upon it, we are impressed with the conviction that appellant's answer sets up the truth as to the transaction.

The parties had long lived in the same little city and were friends. Appellant was about to be pressed for payment of a " security " debt of a Mr. Jackson. Aside from the mere existence of the note and mortgage, there is no evidence of any prior existing indebtedness, nor of the passing of any money or property between them; nor of the transaction of any business of any kind out of which a consideration could have arisen. The notary who acknowledged the mortgage delivered it to the mortgagee, and he " stuck it in a pigeon hole in his desk " in the coal office and a few days afterward asked if it was necessary to have it recorded, and was told it was, if he wished to protect appellant's interest. The mortgagee told a witness who was present at the time the note and mortgage were delivered, that they were given to protect appellant " in the Jackson case." The mortgagee also afterward told three other persons that there was no consideration for the note and mortgage, that he had nothing invested in it, that they were given to keep the property from being sold to pay a security debt for which appellant had become liable; these three persons constituted the Board of Review, for the reviewing of the tax assessments. The statements made before this board were under oath. After the death of the mortgagee the note and mortgage in question were not found in his safe, but in a file in the coal office. This evidence all stands uncontradicted and unexplained. It is true that at one time appellant told a prospective purchaser of the property, that appellee's intestate had a mortgage on the property for $400, and if he purchased, he could arrange that with the mortgagee; but in this statement no reference was made to the consideration fee, or character

of the transaction. And under the circumstances this statement is not inconsistent with the facts as set up in the answer.

The case was tried in the Circuit Court upon depositions and exhibits reported by the master. So far as we are advised from anything disclosed by the record, the trial judge had not other or better opportunities for determining the credibility of the witnesses or the weight of the evidence than is presented to us. In such case our respect for the opinion of the learned judge who weighed the evidence in the trial court does not warrant us here, in disregarding our own convictions as to its weight.

The decree of the Circuit Court is reversed.

The court finds as a fact in this case that the note and mortgage in question in this case were executed and delivered without any good or valuable consideration.